IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:17-CR-119 |
| | § | |
| | § | |
| AUDEL VALENCIA-VALENCIA | § | |

REPORT AND RECOMMENDATION
ON THE RESTORATION OF DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Audel Valencia-Valencia, competent to proceed.

A.  Background

On August 10, 2017, a federal grand jury charged Audel Valencia-Valencia ("defendant" or "Valencia-Valencia") in a one-count Indictment. Specifically, the Indictment charges Valencia-Valencia with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). *See Indictment* (doc. #2).

On November 1, 2017, the defendant appeared before United States Magistrate Judge Zack Hawthorn for entry of a guilty plea. Judge Hawthorn issued a report recommending that Valencia-Valencia be adjudged as guilty on Count One of the Indictment. *See Report and Recommendation* (doc. #21). The District Court adopted that report. *See Order* (doc. #22).

On December 13, 2017, before the defendant could be sentenced, his counsel filed a motion requesting a psychiatric evaluation to determine Valencia-Valencia's competency to proceed. *See*

*Motion* (doc. #23).  On December 15, 2017, the undersigned granted the motion and ordered that the Defendant, Audel Valencia-Valencia, be committed to a federal medical facility pursuant to 18 U.S.C. §§ 4241 and 4242, where he was to be examined pursuant to the provisions of 18 U.S.C. § 4247(b).  *See Order* (doc. #24).

On March 5, 2018, the Court received the initial mental health evaluation by Abby L. Mulay, M.A., and supervised by Adeirdre Stribling Riley, Ph.D., forensic psychologist, at the Federal Medical Center in Butner, North Carolina.  *See Sealed Report* (doc. #25).  In sum, based on their examination and findings, the examiners recommended a comprehensive neurophysical battery conducted in his native language of Spanish.  *Id*.  They also suggested that he is "right at the threshold of competency" and therefore would benefit from ongoing restoration efforts specifically presented to Valencia-Valencia in Spanish.  *Id*. at p. 10.  "As such, the. . . evaluators [requested] another period of evaluation and treatment to continue restoration efforts, pursuant to the provisions of Title 18, United States Code, § 4241(d)."  On March 8, 2018, the Court accordingly issued an order extending the defendant's commitment for hospitalization in a Federal Medical Center or other suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed in accordance with 18 U.S.C. § 4241(d).  *See Order* (doc. #26).

On November 5, 2018, the Court received a report addressing competency restoration for Mr. Valencia-Valencia from the warden at the FMC in Butner, North Carolina (doc. #28 ).  Dr. Adeirdre Stribling Riley, Ph.D., prepared the report.  The report sets forth Dr. Riley's detailed psychological findings and method of evaluation regarding the defendant's current mental status.  She opined that

Mr. Valencia-Valencia is now competent to proceed with basic accommodations to allow him ample time to ask questions of his attorney during proceedings and breaks allowed for processing information at reasonable intervals. *See Report* (doc. #28), at p. 6. She also recommended ongoing compliance with medication treatment. *Id.* In conjunction with the report, the Court also received the Certificate of Restoration of Competency to Stand Trial (doc. #28-1) from the warden at FMC Butner in accordance with 18 U.S.C. § 4241(e)[1]. Dr. Riley's report and the Certificate of Restoration of Competency have been provided to the Government and the defendant and filed under seal in this case.

On November 8, 2018, the Court conducted another competency hearing. At the hearing, all parties stated on the record that they had reviewed the report and the findings therein and that they had no objections to the ultimate conclusion that Mr. Valencia-Valencia's competency to proceed in this case has been restored.

B.  Conclusion and Recommendation

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the undersigned United States Magistrate Judge finds by a preponderance of the evidence that the defendant, Audel Valencia-Valencia, has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, based upon the opinion issued by the forensic psychological examiner and the agreement of the parties, at this time the Court recommends that defendant be found competent to proceed pursuant to 18 U.S.C. § 4241.

---

[1]"When the director of the facility in which a defendant is hospitalized pursuant to [18 U.S.C. § 4241(d)] determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate of that effect with the clerk of the court that ordered the commitment." 18 U.S.C. § 4241(e).

C. <u>Objections</u>

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of November, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE